UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>DEBBIE ASUNCION, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-1749-MJS (PC)**<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME; AND**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF NO. 10)**<br><br>**THIRTY-DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On January 9, 2017, the Court screened Plaintiff's complaint and dismissed it with leave. (ECF No. 6.) Plaintiff was granted thirty days to file an amended pleading. Pending now is a document that the Court construes as Plaintiff's second motion for extension of time to file a First Amended Complaint. This motion is premised on a psychiatric emergency that occurred on March 6, 2017, requiring Plaintiff's placement in mental health crisis bed. This request will be granted.

    Plaintiff also moves for appointment of counsel due to the psychiatric emergency and his Enhanced Outpatient Program (EOP) status. Plaintiff does not have a

constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. In addition, Plaintiff has submitted no medical evidence of his mental impairments, and there is no indication that these impairments have affected his ability to adequately articulate his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second request for extension of time (ECF No. 10) is GRANTED. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

2. Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: __April 18, 2017__          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE