UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>DEBBIE ASUNCION, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-1749-MJS (PC)**<br><br>**ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF AND ATTORNEY'S FEES**<br><br>**(ECF NO. 17)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. On January 9, 2017, Plaintiff's complaint was dismissed with leave to amend. Plaintiff was recently granted his third and final extension of time to file his amended pleading, which is now due on July 19, 2017. No other parties have yet appeared in this action.

Pending now is Plaintiff's June 2, 2017, request for injunctive relief and attorney's fees. (ECF No. 17.) Plaintiff seeks protection from California Department of Corrections and Rehabilitation staff members whom he accuses of retaliating against him in various ways for initiating this action.

1

## I. Legal Standards

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm

the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

## II. Discussion

On January 9, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend in light of Plaintiff's admission that he did not exhaust his administrative remedies prior to filing suit. Plaintiff has recently been granted an extension of time to file an amended pleading. Thus, at this stage of the proceedings, there is no operative pleading. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims.

Furthermore, no Defendants have yet appeared in this action, and the Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff has also requested attorney's fees pursuant to 18 U.S.C. § 3006A. This section, titled "Adequate Representation of Defendants," concerns the appointment of attorneys for indigent defendants in criminal action and is inapplicable to this civil rights case initiated by Plaintiff.

## III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's June 2, 2017, motion for injunctive relief and attorney's fees (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated: July 2, 2017

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE