UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>DEBBIE ASUNCION, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-1749-MJS (PC)**<br><br>**ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE;**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR AN ORDER TO SHOW CAUSE FOR INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>**(ECF NO. 22)**<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge, but no Defendants have yet been served or appeared in this action.[1] In fact, Plaintiff's First Amended Complaint is still pending screening. (ECF No. 24.)

---

[1] On April 24, 2017, the undersigned issued findings and recommendations on a previously-filed motion for injunctive relief. (ECF No. 13.) After Plaintiff filed his consent to the jurisdiction of a magistrate judge (ECF No. 16), this case was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c). (See ECF No. 18.) Notwithstanding Plaintiff's consent, the undersigned will order the Clerk of Court to reassign this case to a district judge to rule on the pending motion for injunctive relief. See Williams v. King, 875 F.3d 500 (9th Cir. Nov. 9, 2017).

1

Pending is a request filed by Plaintiff titled "Order to Show Cause for Injunction and Temporary Restraining Order with Separate Motions." (ECF No. 22.) Therein, Plaintiff alleges he has been subjected to retaliation for filing this suit, and he seeks an order directing Defendant(s) to provide Enhanced Outpatient Program ("EOP") inmates the same level of yard time as provided to non-EOP inmates.

**I.   Legal Standards**

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of

| | |
|---|---|
| 1 | Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips |
| 2 | decidedly in favor of the moving party, it must be shown as an irreducible minimum that |
| 3 | there is a fair chance of success on the merits). |

**II.    Discussion**

On January 9, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend in light of Plaintiff's admission that he did not exhaust his administrative remedies prior to filing suit. Plaintiff recently filed a First Amended Complaint which has not yet been screened. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims.

Furthermore, no Defendants have yet appeared in this action, and the Court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

**III.   Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that a district judge be re-assigned to this case; and

IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 22) be DENIED.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 4, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE