1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA

10   DAVID BENNETT,                    CASE NO. 1:16-cv-01749-AWI-MJS (PC)

11              Plaintiff,             **ORDER GRANTING PLAINTIFF'S**
                                       **MOTION FOR AN EXTENSION OF TIME**
12        v.                           **TO RESPOND TO FINDINGS AND**
                                       **RECOMMENDATION**
13   DEBBIE ASUNCION, et al.,
14              Defendants.            **ORDER DENYING PLAINTIFF'S MOTION**
                                       **FOR APPOINTMENT OF COUNSEL**
15
16                                     (ECF No. 31)
17                                     **THIRTY DAY (30) DAY DEADLINE**
18

19        Plaintiff is a former prisoner proceeding pro se and in forma pauperis in this civil
20
     rights action brought pursuant to 42 U.S.C. § 1983.
21
          Before the Court is Plaintiff's April 02, 2018 motion requesting additional time to
22
     file objections to the findings and recommendations and requesting appointment of
23
     counsel. (ECF No. 31.)
24
     I.   **Extension of time.**
25
          Plaintiff seeks an extension of time of time to file objections to this Court's findings
26
     and recommendation (ECF No. 30) to dismiss first amended complaint without leave to
27
     amend for failure to state a claim. Plaintiff states that he has not been able to access his
28

legal files because he has been placed in Atascadero State Hospital as a mentally disordered offender.

Good cause having been presented, Plaintiff's motion will be granted and Plaintiff will be afforded thirty days from the date of service of this order to file objections.

**II.    Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. ' 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, even though the issues are complex, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

### III.    Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 31) is GRANTED insofar as it requests an extension of time. Plaintiff shall have thirty days from the date of service of this order to file objections to the findings and recommendation.

2. Plaintiff's motion (ECF No. 31) is DENIED in all other respects.

IT IS SO ORDERED.

Dated:   April 6, 2018                    /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE